THE PEOPLE OF THE STATE OF ILLINOIS, *et al.*, Plaintiffs-Appellees, *v.*
JOSEPH CAMPBELL, Defendant-Appellant.

First District (4th Division)    No. 76-816

Opinion filed February 17, 1977.

Gary H. Palm and Marc O. Beem, both of Mandel Legal Aid Clinic, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Larry L. Thompson, and Kenneth T. McCurry, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. The defendant, Joseph Campbell, was convicted after a bench trial of violating section 8—101 of the Illinois Motor Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 8—101) and section 28—2 of the Municipal Code of the City of Chicago. The defendant was fined $700 and assessed $10 in court costs.

The defendant was arrested after a police officer saw him transport a female passenger from 8810 South Holland to 86th and Halsted. The defendant did not produce either proof of financial responsibility or a public passenger vehicle license. After a bench trial, where he was not represented by an attorney, he was convicted on both charges.

The only issues raised that we need consider on review are (1) whether or not the defendant was denied his right to a trial by jury; and (2) whether or not there was sufficient evidence to support the verdict of guilty.

■■ We have searched the record and the State's Attorney has admitted thzre was no discussion with the defendant of his right to a trial by a jury. The defendant was not represented by counsel. It is imperative in such a situation as the instant case the trial court be absolutely certain the defendant is completely aware of all of his constitutional rights. Here the defendant obviously was not aware of possible protections available to him. Section 115—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 115—1) provides: "All prosecutions except on a plea of guilty shall be tried by the court and a jury or the court when a jury is waived by the defendant in open court."

■■ At no time during the trial did the arresting officer testify the female passenger had paid the defendant any money whatsoever for the ride. In fact, the arresting officer testified, "I didn't see any money pass." If there is no evidence the passenger paid the defendant, then it is illogical to assume the defendant was operating a vehicle for hire. The defendant was operating a private vehicle owned by him. It was licensed as a passenger vehicle with valid Illinois license plates. There is no evidence any money was offered or paid by the passenger to the defendant. In order to sustain a conviction it is necessary for the essential elements of the alleged violation to be proven. Here there is the direct testimony of the arresting officer no money changed hands. Without the exchange of money it is not possible to conclude the defendant was operating a vehicle for hire. The evidence adduced by the trial court is not sufficient to sustain this conviction.

Accordingly, the judgment of the circuit court of Cook County is reversed for the reasons stated herein.

Reversed.

LINN and ROMITI, JJ., concur.